UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA CEDILLO CERVANTES,<br><br>                                    Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General of the<br>United States, et al.,<br><br>                                    Respondents. | Case No.:  26-cv-1446-RSH-MSB<br><br>**ORDER DENYING PETITION<br>FOR WRIT OF HABEAS CORPUS** |

On March 6, 2026, petitioner Patricia Cedillo Cervantes, through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. The merits are fully briefed. ECF Nos. 4, 5. As set forth below, the Court denies the Petition.

## I.    BACKGROUND

Petitioner is a citizen of Mexico who is currently in immigration detention at the Otay Mesa Detention Center in San Diego, California. ECF No. 1 ¶ 1. Petitioner alleges that in 2009, she was placed in removal proceedings following her guilty plea to driving under the influence in violation of California Vehicle Code § 23152(b). *Id.* ¶ 19. On April 14, 2009, U.S. Immigration and Customs Enforcement ("ICE") released her on her own recognizance. *Id.* ¶ 1 & Ex. C. She remained out of immigration custody until January 26,

2026, when ICE re-detained her. *Id.* ¶ 1. During this period of liberty, however, she sustained additional criminal convictions beyond her 2009 DUI. On February 8, 2010, Petitioner pleaded guilty to possession of a forged instrument in the second degree, a misdemeanor, in violation of Oregon Revised Statutes § 165.017. *Id.* ¶ 20. More recently, on September 9, 2025, she pleaded guilty to a violation of California Vehicle Code § 23153(a) (DUI causing injury), with enhancements under Vehicle Code §§ 23578 (excessive blood alcohol) and 23558 (bodily injury to the victim(s)). *Id.* ¶ 23.

Petitioner's immigration rearrest on January 26, 2026 occurred at a scheduled ICE check-in. *Id.* ¶ 29. ICE advised her at the time of her arrest that her most recent DUI was the reason for her change in custody status. *Id.*

Petitioner brings four claims for relief, alleging that: (1) "[b]y categorically revoking [Petitioner's] release on recognizance and re-detaining her without consideration of her individualized facts and circumstances, Respondents have violated the [Administrative Procedure Act]," because "there have been no changes to the[] facts or circumstances" that would warrant revocation, *id.* ¶¶ 40, 41; (2) Petitioner's rearrest violated her substantive due process rights, because she "is not a flight risk or danger to the community," and "there were no allegations of violations of her duty to cooperate and follow supervised release with the criminal system or immigration system," *id.* ¶ 45; (3) Petitioner's rearrest violated her procedural due process rights because "due process requires the government to bear the burden of proving by clear and convincing evidence that Petitioner is a flight risk or danger to the community before redetaining her," *id.* ¶ 52; and (4) Petitioner's rearrest violated her Fourth Amendment rights to be free of unlawful search and seizure because "she had complied with conditions of [her] release on recognizance" and "no material changes in circumstances justified Petitioner's arrest," *id.* ¶¶ 59, 60. Petitioner requests, among other relief, her immediate release from custody. *Id.* at 23.

In their return, Respondents maintain that "ICE appropriately provided notice of the reason for the revocation of her prior conditional release" based on her violations of law. ECF No. 4 at 3. Respondents further state that they do not oppose granting Petitioner a

bond hearing pursuant to 8 U.S.C. § 1226(a). *Id.* Petitioner's traverse reiterates her request for immediate release. ECF No. 5 at 2.

## II.    LEGAL STANDARD

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[sh]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## III.    ANALYSIS

Petitioner offers her April 14, 2009 Order of Release on Recognizance as an exhibit to the Petition. ECF No. 1-4. That order states:

> You have been arrested and placed in removal proceedings. In accordance with section 236 of the Immigration and Nationality Act and the applicable provisions of Title 8 of the Code of Federal Regulations, you are being released on your own recognizance provided you comply with the following conditions:
>
> …
>
> You must not violate any local, State, or Federal laws or ordinances.
>
> …
>
> **NOTICE: Failure to comply with the conditions of this order may result in revocation of your release and your arrest and detention by the Department of Homeland Security.**

*Id.* At the bottom of the same page, Petitioner acknowledged, "I … understand that if I do not comply with those conditions, the Department of Homeland Security may revoke my release without further notice." *Id.*

Petitioner does not dispute that her 2010 conviction for violating Oregon Revised Statutes § 165.017, and her more recent 2025 conviction for violating California Vehicle Code § 23153(a), were each violations of her conditions of release. Nor does she dispute that at the time of her re-arrest on January 23, 2026, she was advised by ICE that her most recent DUI was the reason for her change in custody status.

Given the foregoing, Petitioner's claim that ICE "categorically" revoked her release

"because there have been no changes to [her] facts and circumstances" in violation of the Administrative Procedure Act is contradicted by the facts that she has put forward. The revocation of her release was not categorical, but was based on her own commission of a crime. Similarly, her substantive due process claim that she was deprived of her liberty despite having "follow[ed] supervised release," and her Fourth Amendment claim that she was arrested even though "she had complied with conditions of [her] release on recognizance," are simply counterfactual.[1]

As to Petitioner's procedural due process claim, she contends that "due process requires the government to bear the burden of proving by clear and convincing evidence that Petitioner is a flight risk or danger to the community before redetaining her." *Id.* ¶ 52. Even if the Court were to accept as a proposition of law that due process requires a pre-deprivation hearing where the government seeks to revoke release based on flight risk or posing a danger to the community, that proposition would not establish a due process violation here. The record reflects that Petitioner was rearrested for a different reason— because, in violation of the terms of her release, she committed another crime. Petitioner does not contest that she committed that crime or that she violated her conditions of release. Petitioner complains of lack of prior notice; but at the time Petitioner pleaded guilty to a successive DUI with enhancements for elevated blood alcohol level and bodily injury to the victim or victims, surely she was on notice that her immigration release was subject to

---

[1]     Petitioner does not bring a claim for violation of the INA or its regulations. Her APA claim contains a conclusory allegation that the revocation of her release violated 8 C.F.R. § 1236.1(c)(9). That provision states, "When an alien who, having been arrested and taken into custody, has been released, such release may be revoked at any time in the discretion of the district director, acting district director, deputy district director, assistant district director for investigations, assistant district director for detention and deportation, or officer in charge (except foreign), in which event the alien may be taken into physical custody and detained. If detained, unless a breach has occurred, any outstanding bond shall be revoked and canceled." Petitioner has not put forward facts establishing a violation of this provision.

revocation based on her commission of a crime, to say nothing of the fact that the crime is one that poses a danger to the community.[2]

Petitioner has provided no legal authority holding that due process requires a pre-deprivation hearing in these or similar circumstances—where the basis for revocation is the noncitizen's commission of a crime to which she undisputedly pleaded guilty. The Court is not persuaded that due process requires that Petitioner be released so that she can receive a hearing on whether she violated her terms of release, when she agrees that she did. Petitioner has not met her burden of establishing that "[sh]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## IV.   CONCLUSION

Accordingly, the Petition is **DENIED**. The hearing set for April 2, 2026 is **VACATED**. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: March 30, 2026

_Robert S Huie_
_____
Hon. Robert S. Huie
United States District Judge

---

[2]   The fact that Petitioner had ICE check-ins following her October 20, 2025 sentencing at which she was *not* arrested, or that "she had a conversation with an ISAP officer at one of these appointments where her criminal record was once again discussed and the officer responded to her 'that's fine,'" ECF No. 1 ¶ 27, does not nullify her conviction or the violation of her release conditions, or preclude ICE from thereafter arresting her.

26-cv-1446-RSH-MSB